```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LILLIAN OLIVERAS, for
ZANAIS GONZALEZ,
                              Plaintiff,

            - against -

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
------------------------------------------------------------X

07 Civ. 2841 (RMB) (JCF)

**DECISION & ORDER**

I.   **Background**

On or about March 13, 2007, Lillian Oliveras ("Oliveras"), proceeding pro se on behalf of her daughter Zanais Gonzalez ("Plaintiff"), commenced this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision, dated October 27, 2006, of Kenneth L. Scheer, an Administrative Law Judge ("ALJ"), Office of Hearings and Appeals of the Social Security Administration. (See Complaint, dated March 13, 2007 ("Complaint"), at 1-2.) The ALJ denied Plaintiff's application, dated March 28, 2005, for children's Supplemental Security Income ("SSI") benefits based upon the ALJ's determination that Plaintiff did not have an "impairment or combination of impairments of the severity prescribed" by the Act. (Id. at 2.) On January 19, 2007, Plaintiff's request to the Social Security Administration Appeals Council ("Appeals Council") to review the ALJ decision was denied. (Id.)

On or about February 13, 2008, the Commissioner of Social Security ("Commissioner" or "Defendant") moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c), requesting that the Court affirm the ALJ's decision because "the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence."

(See Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, dated February 13, 2008, at 7.) In response, Oliveras submitted a letter arguing that the ALJ assigned too much weight to Plaintiff's "happy" and "verbal" disposition on the day of the hearing and was mistaken in regards to Plaintiff's "physical . . . well being," which includes "diabetes," "neuropathy," and "fatigue." (See Plaintiff's Response to the Commissioner's Motion for Judgment, dated March 2, 2008, at 2.)

On or about May 30, 2008, Magistrate Judge James C. Francis IV, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Commissioner's decision be vacated and the case remanded for further administrative proceedings. (Report at 1.) Judge Francis concluded, among other things, that (1) the ALJ failed to help Plaintiff "develop a complete and comprehensive medical report"; and (2) the ALJ made "[un]substantiate[d]" conclusions that Plaintiff's testimony was "not entirely credible." (Id. at 13, 20.)

The Report stated that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this [R]eport and [R]ecommendation." (Id. at 21.) To date, neither party has submitted objections. However, in a letter to this Court, dated June 12, 2008, Oliveras requested "that [Plaintiff] be temporarily granted Interim Benefits" but also indicated "that I may be denied these benefits." (See Letter to Honorable Richard M. Berman, dated June 12, 2008 ("Oliveras Letter").)[1]

---

[1] Judge Francis received a similar letter, dated June 12, 2008, which he endorsed on June 18, 2008 as follows: "I decline to recommend interim benefits, which are generally awarded only in cases of 'egregious delay or other outrageous behavior by the Commissioner.'" (Order, dated June 18, 2008 (quoting Luna v. Apfel, No. 99 civ. 4149, 2000 WL 964937, at *8 (S.D.N.Y July 12, 2000).)

2

**For the reasons stated below, the Report is adopted in its entirety and the Court also affirms Judge Francis' determination not to award interim benefits.**

## II. Standard of Review

The Court may adopt those sections of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F.Supp.2d 300, 302 (S.D.N.Y. 2007). Where, as here, the plaintiff is proceeding pro se, "leniency is generally accorded." Bey v. Human Resources Admin, No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

## III. Analysis

The Court has conducted a review of the Report and applicable legal authorities and finds that Judge Francis' determinations and recommendations are neither clearly erroneous nor contrary to law and, in fact, are supported by the law in all respects. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

### (1) Failure to Develop the Medical Record

Judge Francis properly determined that the ALJ failed to make "all reasonable efforts to obtain a treating physician's opinion on [Plaintiff's] behavior and functional capacity." (Report at 19.) Because Petitioner is proceeding pro se, the ALJ has a "heightened duty" to "explore for all the relevant facts" and develop a "complete and comprehensive medical record." See Echevarria v. Sec'y of Health and Human Servs., 685 F.2d 751, 755 (2d Cir. 1982); see also Rosado v. Barnhart, 290 F. Supp. 2d 431, 441 (S.D.N.Y. 2003); (Report at 13, 14, 21.)

### (2) Plaintiff's Credibility

Judge Francis also properly determined that "remand is warranted so that the ALJ can substantiate his conclusion" that Plaintiff's testimony was "not entirely credible." (Report at 20.) An ALJ's "finding that [a] witness is not credible" must be "set forth with sufficient specificity to permit intelligible plenary review of the record." See Williams ex rel. Williams v. Bowen, 859 F.2d 255, 261 (2d Cir. 1988); see also Snyder v. Barnhart, 323 F. Supp. 2d 542, 546 (S.D.N.Y. 2004). Judge Francis correctly determined that the ALJ "failed to present any reasoning to justify his disbelief, nor did he identify any discrepancy between the statements and record before him." (Report at 20.)

### IV. Conclusion and Order

For the reasons set forth herein and therein, the Report is adopted in its entirety. The case is remanded to the Commissioner for reconsideration pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
June 25, 2008

_RMB_
RICHARD M. BERMAN, U.S.D.J.